USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-10-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTON PURISIMA,

                          Plaintiff,

-v-

BILL BRYAN; URBAN JUSTICE CENTER;
JOHN DOE; JANE DOE; MEGAN STUART,

                          Defendants.

No. 12 Civ. 1278 (RJS)
ORDER OF SERVICE

RICHARD J. SULLIVAN, District Judge:

    Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated Title II and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 1983 and state law in their representation of him to receive public benefits. For the following reasons, the Court Plaintiff's claims under Title II and § 1983 and all claims against John Doe and Jane Doe.

## STANDARD OF REVIEW

    The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time and must dismiss the complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they

suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## BACKGROUND

Plaintiff alleges that in October 2010 and August 2011, Bill Bryan agreed to represent him in his public benefits claims for medical coverage, cash benefits and food stamps with the New York City Human Resources Administration ("HRA"). (Complaint ¶¶ 9-10). Plaintiff alleges that the Defendants "did little or no work on the case until the middle part of February" and gave him wrong information because of his race, national origin and in retaliation for filing prior discrimination complaints against them. (*Id.* ¶¶ 6, 11). Plaintiff also claims a breach of contract, harassment, fraud and legal malpractice by Defendants. (*Id.* ¶ 12, 18-20, 24). Plaintiff seeks "one decillion dollars" in damages and the Defendants' disbarment. (*Id.* IV ¶¶ 1-7).

## DISCUSSION

A.  John Doe and Jane Doe Defendants

A *pro se* plaintiff may file a complaint against unidentified individuals. *Valentin v. Dinkins*, 121 F.3d 72, 75–76 (2d. Cir. 1997). In such cases, the plaintiff is entitled to the Court's assistance in identifying the defendant. See *id.* at 75. The plaintiff is required, however, to provide information sufficient to enable discovery of the defendants' identities. *See id.* at 75–76. If the plaintiff does not provide information "sufficient to identify the defendant with enough specificity to permit service of process . . . dismissal of the complaint is warranted." *Id.* at 76.

The Complaint names John Doe and Jane Doe as Defendants but fails to make any particular allegations against any such defendant. Accordingly, the Court cannot, at this time, assist Plaintiff in identifying these defendants.

B.   Section 1983 Claims

A claim for relief under § 1983 must allege facts showing that each defendant acted under color of a state "statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983, and private parties, thus, are not generally liable under the statute. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). A private attorney representing a client in either a civil or criminal action is not a state actor under § 1983 absent special circumstances suggesting concerted action between an attorney and a state representative. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995); *Koulkina v. City of New York*, 559 F.Supp.2d 300, 319 (S.D.N.Y.2008).

Plaintiff fails to show that any of the Defendants were state actors. He does not allege that the Defendants worked under the color of the state or that they conspired with state officials to deprive him of a constitutional or federal right. Plaintiff's § 1983 claims are therefore dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

C.   Title II Discrimination and Retaliation Claims

Title II of the Civil Rights Act of 1964 prohibits discrimination on the basis of race, color, religion or national origin by places of public accommodation that affect interstate commerce; it also prohibits retaliation against a person who exercises his rights under Title II. 42 U.S.C. §§ 2000a, 2000a–2. Places of public accommodation fall into four broad categories: (1) establishments that provide lodging to transient guests, (2) facilities selling food for consumption on the premises, (3) places of exhibition or entertainment and (4) facilities that

3

include a place of public accommodation, or are on the premises of a public accommodation, which hold themselves out as serving the patrons of such public accommodation. See id. § 2000a(b).

The Plaintiff has not alleged facts suggesting that the Urban Justice Center and the individual Defendants are "places of public accommodation" as contemplated by Title II. Plaintiff's Title II claims are therefore dismissed.

D.   Individual Defendants under Title VI

Title VI of the Civil Rights Act of 1964 prohibits discrimination on the basis of race, color, or national origin "under any program or activity receiving Federal financial assistance" and also prohibits retaliation against anyone enforcing his rights under the title. 42 U.S.C. § 2000d. The proper defendant to a Title VI claim is the entity that receives federal funding. Therefore, a defendant may not be sued in his individual capacity under the law. TC v. Valley Cent. School Dist., 777 F. Supp. 3d 577, 593 (S.D.N.Y. 2011) (citing Kelly v. Rice, 375 F. Supp. 2d 203, 208 (S.D.N.Y. 2005); DT v. Somers Cent. Sch. Dist., 588 F. Supp. 2d 485, 493 n. 11 (S.D.N.Y. 2008)). Accordingly, Plaintiff's claims against Billy Bryan and Megan Stuart in their individual capacities are dismissed.

The Court will allow Plaintiff's claims against Bryan and Stuart in their official capacities to proceed, however, it notes that whether individuals may be sued under Title VI in their official capacities is questionable. TC, 777 F. Supp. 2d at 594 (dismissing Title VI claims against individual defendants in their official capacity but noting disagreement in courts within the Second Circuit).

## CONCLUSION

The Court dismisses Plaintiff's § 1983 and Title II claims for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to issue a Summons as to Defendants Bill Bryan, Urban Justice Center and Megan Stuart, and Plaintiff is directed to serve the Summons and Complaint on these Defendants within 120 days of the issuance of the Summons. If service has not been made within the 120 days, and Plaintiff has not requested an extension of time to serve within that 120 days, the Complaint may be dismissed for failure to prosecute, pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:      New York, New York
            April 9, 2012

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT COURT JUDGE